UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Felicia A. Norwood,
    Plaintiff    )
         )
      v.    )    Case No.   11-4059
         )
Genesis Medical Center Illini Campus,  )
    Defendants    )
         )

**REPORT AND RECOMMENDATION
and ORDER**

Now before the Court are the Defendant's motion to dismiss (#29) and motion to continue (#31). The District Judge has referred the motion to dismiss to me for a Report and Recommendation. As stated herein, I recommend that the motion to dismiss be GRANTED, and I find the motion to continue MOOT.

On November 30, 2012, an Order was entered, granting in substantial part[1] the Defendant's motion to compel the pro se plaintiff to respond to outstanding document requests and unanswered interrogatories. The possibility of imposition of "harsh" sanctions under Rule 37 was discussed, but the Court determined that, because of Plaintiff's pro se status, she would be given one last opportunity to comply with her obligations.

She was therefore ordered to make available for inspection and copying the requested documents, and was given a deadline of December 14, 2012 to contact Defendant's attorney to make arrangements for doing so. She was also ordered to serve signed answers to the previously unanswered interrogatories by the same date. She was

---

[1] One of the unanswered interrogatories was temporally limited by the Order, and the request for mental health records was denied as irrelevant to the claims and defenses. In all other respects, the motion to compel was granted.

then warned that failing to contact defendant's attorney "will result in the imposition of Rule 37 sanctions."

Defendant filed its motion to dismiss on December 17, 2012, stating that as of that date, Plaintiff had not contacted defense counsel, nor had she produced any documents or interrogatory answers. Defendant asks that her case be dismissed for failing to comply with discovery orders under FRCP 37(b)(2). Plaintiff has filed nothing in response to the motion.

I find that Plaintiff's conduct in this case – namely, her failure to respond to Defendant's discovery; her failure to respond to defense counsel's good faith efforts to contact Plaintiff and resolve the issue; her failure to comply with the Court's Order; and her failure to respond to the instant motion – demonstrate a pattern of willful conduct that justifies the imposition of harsh sanctions under Rule 37. Moreover, this same pattern demonstrates a failure to prosecute her case under FRCP 41(b).

I therefore recommend that this case be dismissed, either as a sanction or for failure to prosecute. Because of this recommendation, I also find that Defendant's motion to continue the deadlines in this case is MOOT.

ENTERED: May 9, 2013

                                    s/ John A. Gorman

                          JOHN A. GORMAN
                      UNITED STATES MAGISTRATE JUDGE