E-FILED
Thursday, 01 August, 2013  11:01:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FELECIA NORWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-4059-SLD-JAG |
| | ) |
| GENESIS MEDICAL CENTER ILLINI CAMPUS, | ) |
| | ) |
| Defendant. | ) |

ORDER

Now before the Court is Defendant Genesis Medical Center Illini Campus ("Genesis")'s Motion to Dismiss, ECF No. 29. Genesis moves the Court to dismiss Plaintiff Felecia Norwood's Complaint under Federal Rule of Civil Procedure 37(b)(2)(A)(v). The Court referred this matter to the Magistrate for a Report and Recommendation, see ECF No. 32, which the Court hereby adopts for the reasons set forth below.[1]

Rule 37(b)(2)(A) permits a district court to impose various sanctions upon a party for refusing to comply with a court order regarding discovery. In its discretion, a court may dismiss an action in whole or in part if a party "unjustifiably resist[s] discovery." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) (quoting Fed. R. Civ. P. 37 advisory committee note (1970 amend.)). However, a Rule 37 dismissal requires a showing of "willfulness, bad faith, or fault" by the dismissed party. *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 605 (7th Cir. 1981) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197,

---

[1] In his Report and Recommendation, Judge Gorman recommended that the case be dismissed under Rule 37 or under Rule 41(b) due to Norwood's failure to prosecute. The Court agrees that a failure-to-prosecute argument would likely be availing, but because Genesis only moved to dismiss under Rule 37, the Court will confine its Order to that request.

212 (1958)). Because dismissal is a harsh sanction, the dismissed party's willfulness, bad faith, or fault must be shown by clear and convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003). Additionally, it can be helpful for the court to consider evidence of delay or contumacious conduct on the part of the dismissed party, as well as whether less drastic sanctions have proven unavailing. *Id.*

The Court is satisfied that the Norwood's conduct in this case rises to such a level as to warrant dismissal under Rule 37. On November 5, 2012, Genesis moved the Court to compel Norwood's response to outstanding document requests and unanswered interrogatories. ECF No. 26. The Court granted the motion in substantive part, noting that Norwood had already received extensions of time to comply, and warned her that her failure to respond in a timely manner could result in dismissal under Rule 37. ECF No. 28, at 1. Norwood was given until December 14, 2012, to contact Genesis's attorney to make arrangements for inspection and copying of the requested documents, and to serve signed answers to the previously unanswered interrogatories. It is evident that Norwood knows how to file documents before the Court and respond to Genesis's discovery requests, yet she never made the ordered disclosures or contacted defense counsel. (Nor did she respond to Genesis's subsequent Motion to Dismiss.) Norwood's conduct here, in spite of this Court's warnings and accommodations to her *pro se* status, supports a finding that there is clear and convincing evidence for Norwood's willfulness and fault in failing to comply. Finally, the Court has utilized less drastic sanctions to solicit Norwood's compliance, but they have proven unavailing.

The Court is cognizant that dismissal under Rule 37 is a harsh sanction. But given Norwood's failure to comply with relatively basic discovery requests, after ample time and accommodation, the Court finds such a sanction to be appropriate. The Court therefore adopts

the Magistrate's Report and Recommendation, and grants Genesis's Motion to Dismiss (ECF No. 29).

Entered this 1st day of August, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
